UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                CASE NO: 17-10437

DEIDRA BRADLEY                                    SECTION B

                                                                                           CHAPTER 13

## MOTION FOR RELIEF TO LIFT AUTOMATIC STAY AND FOR ADDITIONAL TIME TO FILE PROOF OF CLAIM IF DEEMED NECESSARY

      Now Into Court, through undersigned counsel, comes Felton Bradley ( "Mover") who, pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code for the following reasons:

1.

      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.

      Mover has standing to bring this Motion by virtue of his marriage to the Claimant, Deidra Bradley, as he is an owner of an undivided ½ interest in the community regime, including but not limited to the family home located at 1014 Tricia Dr., Slidell, LA 70461 that is subject to this Court's jurisdiction.

3.

On February 27, 2017, Deidra Bradley (hereafter "Debtor") filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. Mover is listed as an interested party regarding the divorce proceedings captioned *Felton Bradley v. Deidra Denis Bradley*, 2016-15089, 22nd Judicial District Court for the Parish of St. Tammany.

4.

Debtor and mover are co-owners in indivision of the immovable property secured by a mortgage and promissory note that is currently in possession of and owned by Ditech Home Loans as listed in the Debtor's Petition.

5.

Mover is entitled to relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) because a determination of the percentage of his ownership of the family home may be required based upon discussions with opposing counsel in the divorce case as well as the allegations made in this bankruptcy filing that connote that the debtor owns 100% of the immovable property bearing municipal address 1014 Tricia Dr., Slidell, LA 70461. Mover avers that he is entitled to ½ of the value of the immovable property minus ½ of the amount owed to Ditech. A consent order list and sell said immovable property has already been issued by the domestic court on March 30, 2017 authorizing the sale of said immovable property.

6.

Mover herein avers that he is not a creditor regarding the undivided interest he owns himself of the property, and as such, does not need to file a Proof of Claim form to safeguard his

ownership interest in the property that is subject to these proceedings. However, Mover respectfully requests that should this Court require a Proof of Claim form to protect his ownership interest in his portion of the community regime, that the deadline be extended to allow him to do so.

WHEREFORE, Mover prays for an Order from this Honorable Court granting Mover relief from the automatic stay of § 362 of the Bankruptcy Code to permit Mover to proceed under law in the case captioned *Felton Bradley v. Deidra Denis Bradley*, 2016-15089, 22nd Judicial District Court for the Parish of St. Tammany and for such other and further relief to which the Mover may be entitled.

Respectfully Submitted:

*/s/ Richard J. Wolff*
J. Doug Sunseri (#19173)
Richard J. Wolff (#32777)
Nicaud & Sunseri Law Firm, LLC
3000 18th St.
Metairie, LA 70002
P: (504) 837-1304
F: (504) 833-2843
E: rwolff@nslawla.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2017, that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

/s/*Richard J. Wolff*